INHABITANTS OF RAYMOND, petitioners for certiorari,

*vs.*

THE COUNTY COMMISSIONERS OF CUMBERLAND COUNTY.

*Location of a new way where the petitioners used the word "alteration."*

A petition to the county commissioners set forth the inconveniences of certain existing highways, and alleged that public necessity required an alteration therein, so as to shorten the distance and avoid the hills; and then, without giving the termini of the roads complained of, or otherwise describing them, or asking for anything that would in fact constitute an alteration in either of them—prayed the commissioners to examine two specified proposed routes, which terminated in different roads, and neither of them had both termini in the same old road, and to make such alterations as should adopt one or the other of these new routes: *held*, that this was in substance a petition for a new location and not for the alteration, of a way; and that, the commissioners having located a way over one of the proposed new routes, neither of the old roads were thereby discontinued.

Under the petition the commissioners had jurisdiction to make the new location, and their proceedings relative thereto should not be quashed on account of the improper use of the word "alteration" and the omission of the term "location" in the petition.

ON REPORT.

This was a petition for a writ of *certiorari* to quash the proceedings of the county commissioners of this county in locating or altering a certain highway or highways in Raymond, upon the petition of Samuel S. Brown and others, referred to in the preceding case. The phraseology of the petition was this—" The undersigned respectfully represent that the public highways leading from Webb's Mills in Casco, through the town of Raymond, are circuitous and very hilly, and are very subject in winter to be blocked up with snow; that the public necessity requires an alteration to be made in said highways, thereby shortening the distance, and avoiding many hills; we, therefore request that your honorable board, after due notice to all parties interested, will proceed to examine the proposed routes, and make such alterations in said highways as public necessity may require, to wit : commencing at a practicable point on said highway a little south of Albinus Jordan, and passing southerly through lands of Daniel S. Jordan, Thomas Witham and Nathaniel Staples, to make a junction with the meadow road, near the dwelling house of Frederic P. Jordan in Raymond; or, if found to be most practicable, to leave the aforesaid highway at a point between Tenney's river and the dwelling house of Joseph Allen, in Raymond, and passing in a southerly direction, upon the east shore of Panther's Pond, through land of Ai Plummer, to make junction with the county road, near the dwelling house of William Nason in said Raymond."

After due notice, and a full hearing and examination into the merits of the case, the commissioners adjudged that common convenience and necessity required " the alteration prayed for ;" and they proceeded to make it by locating a way upon the first of the two roads named in the petition, commencing near the house of Albinus Jordan, and terminating in the meadow road near Frederic P. Jordan's house. Neither this " meadow road," nor the " county road," named as termini of the two routes proposed in the petition were the same as that upon which the houses of Al-

binus Jordan and Joseph Allen are situated. The route adopted by the commissioners in fact constituted a new piece of road, about three miles long, diagonally connecting the two old nearly parallel roads which are its termini. The case was submitted to the determination of the court upon these facts and the records.

*Cobb & Ray*, for the petitioners.

The petition is for an alteration of existing ways, not the location of a new way; and it was not competent for the commissioners to do the latter, under a request for the former action. R. S., c. 18, § 1; *Commonwealth* v. *Cambridge*, 7 Mass., 158.

*W. H. Vinton*, for the respondents.

BARROWS, J. The original petition to the county commissioners is not technically accurate. It is no model for imitation. It is not sufficient as a petition for the alteration of any highway, for want of a definite description of the way or ways to be altered, and the termini thereof, and the character of the alterations proposed. The granting of the prayer thereof by the county commissioners can have no effect to discontinue either of the "highways leading from Webb's Mills, in Casco, through the town of Raymond," or any part or portion of them. It was not apparently designed or intended to make a change in those highways or either of them—but to alter the course of travel by the location of one or the other of two new routes which are specifically described in the original petition. Neither of the proposed new routes commences and ends in either one of the old roads, but they form diagonals of different lengths between the two old roads. Herein, as well as in other particulars the case differs from *Commonwealth* v. *Cambridge*, 7 Mass., 158, relied on by the petitioners for *certiorari*.

It is true that the word "alteration" occurs in the original petition, and the word "location" does not; but still, unskillfully as it is expressed, we think the true intent is discoverable, and should govern. Nor is the real character and scope of the peti-

tion doubtful. Framed as this petition is, there can be no danger of misapprehension as to the nature and substance of the issue. What the petitioners desired to have the commissioners do is distinctly set forth, and it proves to be—not the alteration of either of the existing roads, but the establishment of a new route. The word "alteration" is not used in any strict or technical sense; and this plainly appears by the context and the general tenor of the petition. It is in substance a petition for a location, and not for an alteration. Thus the commissioners understood and treated it. They return that, upon due notice, they "proceeded with the parties and viewed the route prayed for in said petition, and other routes and roads connected therewith"—gave the required hearing and "adjudged and determined that common convenience and necessity do require the alteration prayed for; and in pursuance of the foregoing adjudication . . . . proceeded to make said alteration or location as follows:" and thereupon they proceed to describe a location substantially agreeing with one of the routes suggested in the petition.

While we deprecate the careless use of language, which has naturally enough resulted in this needless delay and expense, we think enough appears in the original petition to give the county commissioners jurisdiction in the premises to locate a new highway, thereby in effect making an alteration in the old course of travel, but not in fact making an alteration in any existing road. Our attention has not been called to any irregularity in the proceedings sufficient to justify us in quashing them.

*Writ of certiorari denied.*
*Petition dismissed.*

APPLETON, C. J., WALTON, DICKERSON and Peters, JJ., concurred.